UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALEX KARAKHANOV, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | )   No. 4:05-CV-943 CAS |
| | ) |
| MBNA AMERICA BANK, N.A., | ) |
| | ) |
|    Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant MBNA America Bank, N.A.'s ("MBNA") motion to confirm a March 21, 2005 arbitration award, as amended on April 13, 2005, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 9, et seq. Plaintiff Alex Karakhanov previously withdrew his motion to vacate the arbitration award and filed no opposition to the motion to confirm. For the following reasons, the Court will grant defendant's motion and confirm the arbitration award.

Plaintiff submitted a claim for arbitration against MBNA with the National Arbitration Forum ("NAF"), in accordance with the arbitration provisions of a Credit Card Agreement between the parties. An arbitrator was appointed to hear the dispute in Missouri, and a hearing was conducted on February 7, 2005, by arbitrator Mark D. Mittleman, Esq.

On March 21, 2005, the arbitrator issued an order including written findings, which concluded that plaintiff's claim should be dismissed with prejudice. Attached to the order was an electronic signature block showing that Professor Michael A. Middleton was the arbitrator. On April 13, 2005, the arbitrator issued an amended order which was identical to the order of March 21, 2005, but was signed by the correct arbitrator, Mark D. Mittleman, Esq.

As stated above, plaintiff filed a motion to vacate the arbitration award but subsequently withdrew the motion. "Absent a timely motion to vacate, in most cases the confirmation of an arbitration award is a summary proceeding that makes what is already a final arbitration award a judgment of the court." Domino Group, Inc. v. Charlie Parker Mem'l Found., 985 F.2d 417, 420 (8th Cir. 1993) (internal quotation marks and citation omitted). "Judicial review of an arbitration award is extremely limited. Beyond the grounds for vacation provided in the FAA, an award will only be set aside where "it is completely irrational or evidences a manifest disregard for law." Kiernan v. Piper Jaffray Cos., Inc., 137 F.3d 588, 594 (8th Cir. 1998) (quoting Lee v. Chica, 983 F.2d 883, 885 (8th Cir.), cert. denied, 510 U.S. 906 (1993)). There is no indication the instant award is either irrational or evidences a manifest disregard for law.

Accordingly,

**IT IS HEREBY ORDERED** that defendant MBNA America Bank, N.A.'s motion to confirm arbitration award is **GRANTED**, and the March 21, 2005 arbitration award, as amended on April 13, 2005, between MBNA America Bank, N.A. and Alex Karakhanov is **confirmed** in all respects. [Doc. 7]

A separate judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  5th  day of January, 2006.